1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**\*E-Filed 12/3/10\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BOARD OF TRUSTEES OF THE SHEET
METAL WORKS, et al.,

Plaintiffs,

v.

CLIFTON ENTERPRISES,

Defendant.
_____/

No. C 10-2784 RS

**ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY
JUDGMENT**

## I.   INTRODUCTION

Plaintiffs are the Board of Trustees of the Sheet Metal Workers Health Care Plan of
Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal
Workers Local 104 Vacation, Holiday Savings Plan and Bruce Word, as trustee (collectively, "the
Trust").  Together, they move for summary judgment in this ERISA collection matter against
defendant Clifton Enterprises ("Clifton").  The suit involves defendant's alleged failure to make
employment contributions owed to the Trust; plaintiffs seek recovery of these missed sums, plus
liquidated damages, interest, attorney's fees and costs, as contemplated by various written
agreements entered into by the parties.  While counsel for Clifton did enter an appearance and
Clifton answered the Complaint, it did not file papers in opposition to plaintiffs' motion for

summary judgment.  On December 2, 2010, the Court held a hearing to consider oral argument relating to the motion.  No representative appeared on defendant's behalf.  Having considered plaintiffs' arguments and the facts as represented in affidavits and supplemental materials, plaintiffs' motion must be granted.

## II.  RELEVANT FACTS

Clifton Enterprises is a California Corporation, doing business as Nichols Plumbing and Heating.  Clifton entered into a collective bargaining agreement with Sheet Metal Workers Local Union No. 104.  That agreement requires that Clifton pay health and welfare, pension and other fringe benefit contributions on behalf of covered employees to the plaintiff Trust.  This same contract also binds defendant to the terms and conditions of an attendant Agreement and Declaration of Trust.   The Agreement provides that contributions are due before the twentieth day of the month following the month for which they are owed.  Contributions become "delinquent" after that date. The Agreement also provides that liquidated damages are assessed against contributions due at a rate of twenty percent, at least where payment is more than thirty days late and the matter has been referred to collection counsel.  Interest is also levied, per the Agreement, at a "rate determined by formula."  Plaintiffs explain that the trustees adopted a rate of ten percent at a Sheet Metal Workers Board Meeting on December 15, 2009.  To demonstrate that defendant was aware of this rate, plaintiffs attach a document titled "Important Reminder" that was mailed to all contributing employers in February of 2010.  The document alerts employers to the ten percent rate.  Finally, the Agreement provides that an employer shall be liable for attorney's fees and costs associated with recovery of missed contributions and payments.

As originally filed, plaintiffs' motion sought contributions for the months of March, April, May, June and July of 2010.  In a supplemental affidavit submitted on November 18, 2010 to both this Court and defendant, plaintiffs explained that defendant had returned self-reporting forms indicating that contributions were owed for the months of August, September and October of 2010. At the hearing, plaintiffs reiterated that all contributions remain unpaid and delinquent.  Plaintiffs claim $105,386 in contributions owed for the months of March through October of 2010.

No. C 10-2784RS
ORDER

2

1    Calculated at a rate of twenty percent, plaintiffs request $22,242.42 in the form of liquidated

2    damages.  They request $4,055.70 as interest, $610 as costs, and $900 as attorney's fees.  In total,

3    plaintiffs request an award of $133,194.12.

4                                    III. LEGAL STANDARD

5          Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall

6    be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

7    file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

8    and that the moving party is entitled to a judgment as a matter of law."  The party who seeks

9    summary judgment bears the initial responsibility of identifying an absence of a genuine issue of

10   material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies this

11   initial burden, it shifts to the non-moving party to present specific facts showing that there is a

12   genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.  "Only disputes over facts

13   that might affect the outcome of the suit under governing law" are material.  *Anderson v. Liberty*

14   *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue exists if the non-moving party presents

15   evidence from which a reasonable fact-finder, viewing the evidence in the light most favorable to

16   that party, could resolve the material issue in his or her favor.  *Id.* at 248-49.

17                                      IV.  DISCUSSION

18         Plaintiffs assert that they are entitled to the relief they request pursuant to ERISA's statutory

19   framework.  ERISA section 1145 provides that every employer who is obligated to make

20   contributions under the terms of a collective bargaining agreement must make them in accordance

21   with that agreement.  29 U.S.C. § 1145.  Section 1132(g), in turn, states that in an action to enforce

22   payment of delinquent contributions, the court *shall* award the plan: (a) the unpaid contributions; (b)

23   interest on the unpaid contributions; (c) an amount equal to the greater of (i) interest on the unpaid

24   contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of

25   twenty percent of the amount determined by the court under section (a); (d) reasonable attorney's

26   fees and costs.  29 U.S.C. § 1132(g)(2).  A plaintiff is entitled to an award of liquidated damages

27   under section 1132(g)(2) if the following requirements are satisfied: (1) the employer is delinquent

28

**United States District Court**
For the Northern District of California

1   at the time the action is filed; (2) the district court enters a judgment against the employer; and (3)

2   the plan provides for such an award. *Plumbers & Pipefitters Nat'l Pension Fund v. Eldridge*, 232

3   Fed. Appx. 680, 683 (9th Cir. 2007).

4          As an initial matter, plaintiffs must establish that there is no question of fact as to whether

5   Clifton was indeed contractually bound.  The Master Agreement entered into between Clifton and

6   the Union—a copy of which is included as exhibit one to a Van Den Huevel declaration—indicates

7   that the agreement was effective from at least July 1, 1996 to June 30, 2000.  There is no obvious

8   indication from the copy of the contract submitted that it was thereafter renewed.  In paragraph five

9   of its answer, however, Clifton admits that it was at all times relevant to the Complaint bound by

10  this very Agreement.  Accordingly, there appears to be no disputed question as to whether Clifton

11  was still bound by the Agreement in the Spring and Summer of 2010.

12         The next question is whether there is any issue of material fact as to whether plaintiffs are

13  entitled not only to the form of recovery requested, but in the amounts presented.  As to the

14  contributions due, plaintiffs explain that the figures employed (displayed in table form in exhibit

15  three of the Bonnie Maraia declaration), were self-reported by defendant when it submitted monthly

16  forms tallying its required contributions (these are included as exhibit four of the Maraia

17  declaration).  As to liquidated damages, these are plainly provided for in the Trust Agreement.

18  Plaintiffs also submit a document dated February, 2010 (exhibit six to the Carroll declaration),

19  which explains the Trust's collection procedures.  According to this document, delinquent

20  contributions that are paid "more than 30 days late will be forwarded to Collection Counsel" and

21  charged at a rate of twenty percent.  As there is no question that Clifton has not yet paid the

22  delinquent contributions and as all contributions are currently more than thirty days delinquent, it

23  appears that plaintiffs have contractual authority to seek the twenty percent rate.  As to the ten

24  percent interest rate cited, this formula also appears in the same "Important Update" document cited

25  above.  As to the recovery of costs and attorney's fees, both are contemplated in the Agreement.

26  The costs requested include the filing fee, the expense involved in service of process as well as to

27  effect service of a subpoena duces tecum.  There is no question that recovery of these is both

28

appropriate and reasonable.  Finally, plaintiffs seek compensation for five hours of attorney work in this matter, assessed at an hourly rate of $180.  Both the hours worked and the rate requested are reasonable in light of the legal issues involved.

V.  CONCLUSION

A review of plaintiffs' legal arguments and the factual record supports plaintiffs' assertion that no triable issues of material fact exist.  Defendant's failure to supply any factual or legal arguments whatsoever further supports this finding.  Accordingly, plaintiffs' motion for summary judgment seeking relief in the form of $133,194.12 must be granted.

IT IS SO ORDERED.

Dated: 12/3/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-2784RS
ORDER

5